**REDACTED -- Public Version filed June 1, 2005**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TURN OF THE CENTURY SOLUTION, L.P. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 05-158 (SLR) |
| | ) | |
| FEDERAL SIGNAL CORPORATION, | ) | **CONFIDENTIAL –** |
| ELGIN SWEEPER COMPANY, | ) | **FILED UNDER SEAL** |
| VACTOR MANUFACTURING, INC. and | ) | |
| RAVO BV, | ) | |
| | ) | |
| Defendants. | ) | |

## OPENING BRIEF IN SUPPORT OF
## VACTOR MANUFACTURING, INC.'S & RAVO BV'S MOTION TO DISMISS
## AND FEDERAL SIGNAL CORPORATION'S, ELGIN SWEEPER COMPANY'S,
## AND VACTOR MANUFACTURING, INC.'S MOTION TO TRANSFER

Josy W. Ingersoll (No. 1088)
jingersoll@ycst.com
John W. Shaw (No. 3362)
jshaw@ycst.com
Glenn C. Mandalas (No. 4432)
gmandalas@ycst.com
YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Brandywine Building, 17th Floor
1000 West Street
Wilmington, Delaware  19899-0391
(302) 571-6600
Attorneys for Defendants Federal Signal
  Corporation, Elgin Sweeper Company, Vactor
  Manufacturing, Inc., and Ravo BV

Dated:  May 23, 2005

# TABLE OF CONTENTS

Page

TABLE OF CONTENTS ............................................................................... i

TABLE OF AUTHORITIES ......................................................................... iii

NATURE AND STAGE OF THE PROCEEDING ............................................. 1

SUMMARY OF ARGUMENT ........................................................................ 2

STATEMENT OF FACTS ............................................................................. 3

ARGUMENT ............................................................................................... 7

I.     RAVO AND VACTOR SHOULD BE DISMISSED
        FOR LACK OF PERSONAL JURISDICTION ........................................... 7

     A.    This Court Lacks Statutory Authority Under Delaware
          Law to Exercise Personal Jurisdiction over Ravo and Vactor ....... 8

          1.    No Facts Support the Exercise of Specific Jurisdiction
             over Ravo or Vactor Under to 10 Del. C. §3104(c) ............. 9

          2.    Neither Ravo Nor Vactor Regularly Conducts
             Business, Derives Substantial Revenue from or
             Engages in a Persistent Course of Conduct in the
             State of Delaware ............................................................. 10

     B.    This Court Lacks Constitutional Power to Exercise
          Personal Jurisdiction over Ravo or Vactor ................................... 12

          1.    Ravo and Vactor Do Not Have the Continuous and
             Systematic Contacts Required to Establish General
             Personal Jurisdiction Under the Due Process
             Clause .............................................................................. 13

          2.    This Court Cannot Constitutionally Assert
             Specific Jurisdiction over Ravo or Vactor ......................... 16

          3.    This Court Cannot Exercise Its Authority over Ravo
             or Vactor Without Offending the Traditional
             Notions of Fair Play and Substantial Justice Implicit
             in the Due Process Clause. ................................................ 16

II.   SERVICE OF PROCESS OVER RAVO
      APPEARS TO BE IMPROPER ..................................................................17

III.  VENUE IS IMPROPER IN DELAWARE FOR VACTOR......................18

IV.   THE COURT SHOULD SEVER RAVO AND
      TRANSFER THE REMAINING ACTION TO
      THE NORTHERN DISTRICT OF ILLINOIS ..........................................18

CONCLUSION..................................................................................................................23

WP3:1113925.3

064195.1001

REDACTED -- Public Version filed June 1, 2005

# TABLE OF AUTHORITIES

Page

**Cases**

3Com Corp. v. D-Link Sys.
C.A. No. 03-014 GMS, 2003 WL 1966438
(D. Del. Apr. 25, 2003) ................................................................................ 22

American Bio Medica Corp. v. Peninsula Drug Analysis Co.,
C.A. No. 99-218-SLR, 1999 U.S. Dist. LEXIS 12455
(D. Del. Aug. 3, 1999) .................................................................................... 9

Bayer AG v. Biovail Corp.,
C.A. No. 00-466-JJF, Mem. Order (D. Del. July 17, 2000) ......................... 20

Bell Helicopter Textron, Inc. v. C&C Helicopter Sales, Inc.,
295 F. Supp. 2d 400 (D. Del. 2002) ............................................................. 11

Brunswick Corp. v. Precor Inc.
C.A. No. 00-691-GMS, 2000 WL 1876477
(D. Del. Dec. 12, 2000) ................................................................................ 20

Burger King Corp. v. Rudzewicz,
471 U.S. 462 (1985) ..................................................................................... 17

Carteret Sav. Bank, FA v. Shushan,
954 F.2d 141 (3d Cir.), cert. denied,
506 U.S. 817 (1992) ....................................................................................... 7

Cottman Transmission Sys. v. Martino,
36 F.3d 291 (3d Cir. 1994) .......................................................................... 19

Deprenyl Animal Health, Inc.
v. University of Toronto Innovations Found.,
297 F.3d 1343 (Fed. Cir. 2002) ................................................... 7, 12, 13, 16

Eggear v. Shibusawa Warehouse Co.
2001 WL 267881 (E.D. Pa. 2001) ............................................................... 18

Gehling v. St. George's School of Medicine, Ltd.,
773 F.2d 539 (3d Cir. 1985) ............................................................. 12, 13, 15

Glater v. Eli Lilly & Co.,
744 F.2d 213 (1st Cir. 1984) ....................................................................... 15

Hall v. Helicopteros Nacionales de Columbia, S.A.,
638 S.W.2d 870 (Tex. 1982) ................................................................. 14, 15

WP3:1113925.3

064195.1001

REDACTED -- Public Version filed June 1, 2005

Hanson v. Denckla,
    357 U.S. 235 (1958).................................................................................................... 17

Helicopteros Nacionales de Columbia v. Hall,
    466 U.S. 408 (1984)......................................................................... 13, 14, 15, 16

Hildebrand v. Steck Mfg. Co.,
    279 F.3d 1351 (Fed Cir. 2002) ................................................................................ 12

Intel Corp. v. Silicon Storage Technology, Inc.,
    20 F. Supp. 2d 690 (D. Del. 1998)............................................................................ 9

International Shoe Co. v. Washington,
    326 U.S. 310 (1945)................................................................................................ 16

Keeton v. Hustler Magazine, Inc.,
    465 U.S. 770 (1984)...................................................................................... 13, 14, 15

Koppers Co., Inc. v. Aetna Cas. & Sur. Co.,
    98 F.3d 1440  (3d Cir. 1996) .................................................................................... 9

LSI Indus. v. Hubbell Lighting, Inc.,
    232 F.3d 1369 (Fed. Cir. 2000) ................................................................................ 14

M&M Techs., Inc. v. Gurtler Chems., Inc.,
    C.A. No. 03-994-GMS, 2005 U.S. Dist. LEXIS 1726
    (D. Del. Feb. 8, 2005) ............................................................................................. 11

Mentor Graphics Corp. v. Quickturn Design Sys.,
    77 F. Supp. 2d 505 (D. Del. 1999)............................................................................ 21

Merck & Co., Inc. v. Barr Labs., Inc.,
    179 F. Supp. 2d 368 (D. Del. 2002).......................................................................... 11

Nichols v. G. D. Searle & Co.,
    991 F.2d 1195 (4th Cir. 1993) ........................................................................... 12, 14

North Penn Gas Co. v. Corning Natural Gas Corp.,
    897 F.2d 687 (3d Cir.) (per curiam)
    cert. denied, 498 U.S. 847 (1990)............................................................................... 7

Orange Prods., Inc. v. Winters,
    C.A. No. 94-CV-6004, 1995 WL 118461
    (E.D. Pa. Mar. 21, 1995)......................................................................................... 16

Original Creatine Patent Co., Ltd. v. Kaizen, Inc.
    C.A. No. 02-471-SLR, 2003 WL 179996
    (D. Del. Jan. 22, 2003)............................................................................................ 21

iv

064195.1001

Pennzoil Prods. Co. v. Colelli & Assocs.. Inc.,
   149 F.3d 197 (3d Cir. 1998) ...................................................................... 12

Perkins v. Benguet Consol. Mining Co.,
   342 U.S. 437 (1952)............................................................................ 13, 14, 16

Provident Nat'l Bank v. California Federal Sav. & Loan Ass'n,
   819 F.2d 434 (3d Cir. 1987) .................................................................... 13

Ramada Inns. Inc. v. Drinkhall,
   C.A. No. 83C-AV-56, 1984 WL 247023,
   Taylor, J., (Del. Super. May 17, 1984) ...................................................... 9

Red Sail Easter Ltd. Partners. L.P. v.
   Radio City Music Hall Productions. Inc.,
   C.A. No. 12036, 1991 WL 129174,
   Allen, C. (Del. Ch. July 10, 1991) ........................................................ 9, 10

Reliance Steel Prods. Co. v. Watson. Ess Marshall & Enggass,
   675 F.2d 587 (3d Cir. 1982) .................................................................. 13-

Renner v. Lanard Toys Ltd.,
   33 F.3d 277 (3d Cir. 1994) ...................................................................... 7

Ricoh Co.. Ltd. v. Aeroflex Inc.,
   279 F. Supp. 2d 554 (D. Del. 2003)........................................................ 22

Sears. Roebuck & Co. v. Sears plc,
   744 F. Supp. 1289 (D. Del. 1990)............................................................ 10

Shute v. Carnival Cruise Lines,
   897 F.2d 377 (9th Cir. 1990),
   rev'd on other grounds, 499 U.S. 585 (1991) ..................................... 12, 14, 15

Stein v. Chemtex Int'l. Inc.,
   C.A. No. 04-001-SLR, 2004 WL 722252
   (D. Del. Mar. 31, 2004) ........................................................................ 19

Time Share Vacation Club v. Atlantic Resorts. Ltd.,
   735 F.2d 61 (3d Cir. 1984) ...................................................................... 7

VE Holding Corp. v. Johnson Gas Appliance Co.,
   917 F.2d 1574 (Fed. Cir. 1990) .............................................................. 18

Virgin Wireless. Inc. v. Virgin Enters.. Ltd.,
   201 F. Supp. 2d 294 (D. Del. 2002)........................................................ 22

WP3:1113925.3    064195.1001

**REDACTED -- Public Version filed June 1, 2005**

<u>Walters v. Beavers,</u>
    C.A. No. 89-696-JJF, 1991 U.S. Dist. LEXIS 1432
    (D. Del. Feb. 6, 1991) ................................................................................. 19

**Rules**

10 Del. C. § 3104 .................................................................................. 6, 9, 17

10 Del. C. § 3104(c) .......................................................................... 8, 9, 10, 11

28 U.S.C. § 1391 ..................................................................................... 6, 18

28 U.S.C. § 1400 ..................................................................................... 6, 18

28 U.S.C. § 1404 ......................................................................................... 21

28 U.S.C. § 1404(a) ................................................................................. 19, 22

28 U.S.C. § 1406(a) ........................................................................... 1, 2, 19, 22

3.1(b) D. Del. LR ....................................................................................... 21

**Statutes**

Fed. R. Civ. P. 4(k)(1)(a) ................................................................................ 7

Fed. R. Civ. Pro. 12(b)(2) ............................................................................. 1, 7

Fed. R. Civ. Pro. 12(b)(3) ............................................................................... 1

Fed. R. Civ. Pro. 12(b)(4) ............................................................................... 1

Fed. R. Civ. Pro. 12(b)(5) ............................................................................... 1

**Other Authorities**

<u>A General Look at General Jurisdiction,</u>
    66 TEX. L. REV. 723, 743-46 (1988) ............................................................. 15

<u>The Myth of General Jurisdiction,</u>
    101 HARV. L. REV. 610, 634 (1988) ............................................................... 15

WP3:1113925.3

064195.1001

## NATURE AND STAGE OF THE PROCEEDING

Plaintiff Turn of the Century Solution L.P. ("TOCS") filed this patent infringement action on March 15, 2005, alleging that Federal Signal Corporation ("Federal Signal"), Elgin Sweeper Company ("Elgin"), Vactor Manufacturing Inc. ("Vactor"), and Ravo BV ("Ravo") infringe United States Patent Nos. 5,600,836 and 5,835,909. Docket Item ("D.I.") 1. The patents-in-suit are business method patents that TOCS asserts cover software employed in connection with Y2K-related computer problems. The patents-in-suit are not related to the products manufactured and sold by any defendant.

This case should not have been brought in Delaware. Vactor and Ravo have no contacts with the State of Delaware and are not subject to suit in this State. Ravo, in fact, manufactures street sweepers for European and other non-U.S. markets and it does not sell any products in the United States at all.

Defendants Vactor and Ravo have moved to dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2), and Vactor has also moved to dismiss for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3). Because Ravo is a Netherlands entity and it is not clear at this juncture that TOCS has properly initiated service of process under the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Ravo has also moved to dismiss for insufficiency of process and insufficiency of service of process under Federal Rules of Civil Procedure 12(b)(4) and (5). Finally, rather than seek dismissal due to improper venue, Vactor, joined by defendants Federal Signal and Elgin, has moved pursuant to 28 U.S.C. § 1406(a) to transfer the balance of the action to the Northern District of Illinois. This is the opening brief in support of defendants' motions.

## SUMMARY OF ARGUMENT

1.    When challenged in a motion to dismiss, a plaintiff may not rest on the allegations of its complaint, but rather must establish – by a preponderance of the evidence – that the named defendant is subject to personal jurisdiction in the forum state.

2.    No portion of the Delaware long-arm statute permits the Court to subject either Ravo or Vactor to suit in Delaware.

    a.    Because Ravo and Vactor do not manufacture, produce, own, or sell any products related to the patents-in-suit, the specific jurisdiction provisions of the Delaware long-arm statute do not apply.

    b.    Ravo and Vactor have so few contacts with Delaware that the general jurisdiction provision of the Delaware long-arm statute also does not apply.

3.    Ravo's and Vactor's contacts with the State of Delaware are insufficient under the Due Process Clause to allow the Court to assert its power and authority over them.

4.    Because Vactor is not subject to personal jurisdiction in Delaware, venue is also improper in Delaware.

5.    Because venue is improper over Vactor in Delaware, the Court may either dismiss the action or transfer the action, in the interests of justice, to a forum that can hear the dispute.  Because the interests of justice are not served by transferring only Vactor and splitting the case in two, the Court should transfer the entire action pursuant to 28 U.S.C. § 1406(a).

REDACTED -- Public Version filed June 1, 2005

## STATEMENT OF FACTS

The Defendants – In General

Defendant Federal Signal is a publicly-traded Delaware corporation with its principal place of business in Oak Brook, Illinois. Federal Signal is primarily a holding company; Federal Signal's subsidiaries operate worldwide and manufacture street cleaning, vacuum loader and refuse collection vehicles; fire rescue vehicles; safety, signaling and communication equipment; parking systems; and tooling products. Federal Signal Corporation United States Securities and Exchange Commission Form 10-K for the Fiscal Year Ended December 31, 2004 (http://www.sec.gov/Archives/edgar/data/277509/000095013705003146/c93140 e10vk.htm at 1). The other three defendants – Vactor, Ravo, and Elgin – are wholly-owned subsidiaries and are part of Federal Signal's Environmental Products Group, the Federal Signal group that manufactures and sells street cleaning, vacuum loader and refuse collection vehicles. Id.

The Patents-In-Suit

The patents-in-suit are business method patents that TOCS asserts cover software employed in connection with Y2K-related computer problems. The patents-in-suit are not related to the products manufactured and sold by any defendant. The complaint does not identify any product sold by any defendant that allegedly infringes the patents-in-suit, and it is believed that TOCS is not accusing any products sold by defendants of infringing the patents-in-suit.

Defendant Ravo BV

Ravo BV is a Netherlands "Besloten Vennootschap met beperkte aansprakelijkheid", or private limited company, with its principal place of business in the Netherlands. Ravo is

3

not a Delaware entity and has never been authorized, registered, or qualified to do business in the State of Delaware. Declaration of White ("White Decl.") ¶ 3 (Exh. A); Delaware Secretary of State Report (Exh. B). Ravo is the market leader in Europe for high-quality, performance-oriented compact street sweepers, truck-mounted gully emptiers and vacuum trucks. Ravo's products are sold throughout Europe, Asia, the Middle East and Latin America, but not in the United States. Ravo does not, in fact, have any United States operations at all. White Decl. ¶ 2 (Exh. A).

In similar vein, Ravo does not have an agent for service of process in the State of Delaware. White Decl. ¶ 4. Ravo has never maintained an office, place of business, factory, or showroom in the State of Delaware, and no Ravo officers, employees, agents or other representatives have an office or workplace in the State of Delaware. Id. ¶ 5. Ravo does not have an interest in, use, or possess any real or personal property in the State of Delaware. Id. ¶ 12. Ravo does not provide insurance in Delaware and does not act as a surety for anyone in Delaware. Id. ¶ 11.

Ravo has no mailing address, telephone listing, or bank account in the State of Delaware. Id. ¶ 6. Ravo has never transacted any business or performed any character of work or service in the State of Delaware, and Ravo has not contracted to supply services or products in the State of Delaware. Id. ¶¶ 7-8. Ravo's products are not sold in the United States, and Ravo does not direct any advertising specifically toward residents of the State of Delaware or the United States in general. Id. ¶¶ 2, 9.

TOCS make no allegation about personal jurisdiction over Ravo. The only facts pleaded specifically as to Ravo that could conceivably relate to personal jurisdiction are as follows:

4

> 4.    Defendant Ravo BV ("Ravo") is a corporation organized and existing under the laws of The Netherlands and having a principal place of business at Otterkoog 1, 1822 BW Alkmaar, The Netherlands.
>
> 5.    . . . Each of Elgin, Vactor, and Ravo are wholly owned subsidiaries of Federal Signal Corporation . . .

D.I. 1. The docket indicates that TOCS has served a summons directed to Ravo upon the Delaware Secretary of State. D.I. 4. The docket does not indicate that TOCS has taken any further action to serve process on Ravo.

Defendant Vactor Manufacturing. Inc.

Defendant Vactor Manufacturing, Inc. is an Illinois corporation with its principal place of business in Streator, Illinois. Vactor is not a Delaware entity and has never been authorized, registered, or qualified to do business in the State of Delaware. Declaration of Ron Schmitt ("Schmitt Decl.") ¶¶ 2-3 (Exh. C); Delaware Secretary of State Report (Exh. D). Vactor is a leading manufacturer of sewer and catch basin cleaners used to combat flooding and sewer line back-up.

Vactor does not have an agent for service of process in the State of Delaware. Schmitt Decl. ¶ 4. Vactor has never maintained an office, place of business, factory, or showroom in the State of Delaware, and no Vactor officers, employees, agents or other representatives have an office or workplace in the State of Delaware. Id. ¶ 5. Vactor has no mailing address, telephone listing, or bank account in the State of Delaware. Id. ¶ 6. Vactor does not have an interest in, use, or possess any real or personal property in the State of Delaware. Id. ¶ 9. Vactor does not provide insurance in Delaware and does not act as a surety for anyone in Delaware. Id. ¶ 10.

5

REDACTED

Id. ¶ 7.  Vactor does not direct any advertising specifically toward residents of the State of Delaware or the United States in general.  Id. ¶ 8.

TOCS makes no allegation about personal jurisdiction over Vactor.  The only facts pleaded specifically as to Vactor that could conceivably relate to personal jurisdiction are as follows:

> 3.  Defendant Vactor Manufacturing, Inc. ("Vactor") is a corporation organized and existing under the laws of the State of Illinois and having a principal place of business at 1621 South Illinois Street, Streator, Illinois.
>
> \*    \*    \*
>
> 5.  . . . Each of Elgin, Vactor, and Ravo are wholly own-ed subsidiaries of Federal Signal Corporation . . .

D.I. 1.  The docket indicates that TOCS has served a summons directed to Vactor upon the Delaware Secretary of State and that TOCS completed long-arm service on Vactor under the procedures set forth in 10 Del. C. § 3104.  D.I. 5, 9.

Facts Related to Venue

The complaint alleges only the legal conclusion that, in TOCS' view, "[v]enue is proper in this judicial district under 28 U.S.C. § 1391 and 1400(b) ."  D.I. 1 ¶ 6.

REDACTED -- Public Version filed June 1, 2005

## ARGUMENT

### I.    RAVO AND VACTOR SHOULD BE DISMISSED FOR LACK OF PERSONAL JURISDICTION

TOCS's complaint makes no assertion of personal jurisdiction over Ravo or Vactor. As the party asserting personal jurisdiction, TOCS "bears the burden to prove, by a preponderance of the evidence, facts sufficient to establish personal jurisdiction." Carteret Sav. Bank, FA v. Shushan, 954 F.2d 141, 146 (3d Cir.), cert. denied, 506 U.S. 817 (1992). TOCS may not rely on conclusory allegations raised in its pleadings, but rather "must sustain its burden of proof through 'sworn affidavits or other competent evidence.'" North Penn Gas Co. v. Corning Natural Gas Corp., 897 F.2d 687, 689 (3d Cir.) (per curiam) (quotation omitted), cert. denied, 498 U.S. 847 (1990); see also Time Share Vacation Club v. Atlantic Resorts, Ltd., 735 F.2d 61, 67 n.9 (3d Cir. 1984) ("[A]t no point may a plaintiff rely on the bare pleadings alone in order to withstand a defendant's Rule 12(b)(2) motion to dismiss . . . Once the motion is made, plaintiff must respond with actual proofs, not mere allegations.").

*    *    *

Personal jurisdiction may be established over a party "who could be subjected to the jurisdiction of a court of general jurisdiction in the state in which the district court is located." Fed. R. Civ. P. 4(k)(1)(a). "[B]efore a federal court can exercise personal jurisdiction over a defendant in a federal question case, the court must determine whether the applicable statute potentially confers jurisdiction by authorizing service of process on the defendant, and whether the exercise of jurisdiction would satisfy the requirements of due process." Deprenyl Animal Health, Inc. v. University of Toronto Innovations Found., 297 F.3d 1343, 1349 (Fed. Cir. 2002). See also Renner v. Lanard Toys Ltd., 33 F.3d 277, 279 (3d Cir. 1994) (holding that courts "must first determine whether the exercise of jurisdiction

7

is authorized under the state (or appropriate federal) long-arm statute and then whether it

meets the requirements of the Due Process Clause of the United States Constitution").

### A.  This Court Lacks Statutory Authority Under Delaware Law to Exercise Personal Jurisdiction over Ravo and Vactor.

The only statutory basis that could possibly support personal jurisdiction over non-

residents Ravo and Vactor is the Delaware long-arm statute – 10 Del. C. § 3104(c). See D.I.

4, 5 (proofs of service pursuant to § 3104(c) on Delaware Secretary of State). Section

3104(c) provides:

> As to a cause of action brought by any person arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any nonresident, or his personal representative, who in person or through an agent:
>
> (1) Transacts any business or performs any character of work or service in the State;
>
> (2) Contracts to supply services or things in this State;
>
> (3) Causes tortious injury in the State by an act or omission in this State;
>
> (4) Causes tortious injury in the State or outside of the State by an act or omission outside the State if he regularly does or solicits business, engages in any other persistent course of conduct in the State or derives substantial revenue from services, or things used or consumed in the State;
>
> (5) Has an interest in, uses or possesses real property in the State; or
>
> (6) Contracts to insure or act as surety for, or on, any person, property, risk, contract, obligation or agreement located, executed or to be performed within the State at the time the contract is made, unless the parties otherwise provide in writing.

When interpreting the Delaware long-arm statute, the federal courts must "defer to the

interpretations of the Delaware state courts." Intel Corp. v. Silicon Storage Technology,

8

Inc., 20 F. Supp. 2d 690, 694 (D. Del. 1998); cf. Koppers Co., Inc. v. Aetna Cas. & Sur. Co.,

98 F.3d 1440, 1445 (3d Cir. 1996) (holding that federal courts sitting in diversity must

follow existing state court interpretations of state law).

Section 3104(c) is "given a liberal construction so that its purpose is achieved," but

Delaware law also requires that the statutory language not be stretched beyond "the common

usage of the English language" in a quest to acquire personal jurisdiction over a defendant.

Red Sail Easter Ltd. Partners, L.P. v. Radio City Music Hall Productions, Inc., C.A. No.

12036, 1991 WL 129174 at *2-3, Allen, C. (Del. Ch. July 10, 1991)[1]; Ramada Inns, Inc. v.

Drinkhall, C.A. No. 83C-AV-56, 1984 WL 247023 at *2, Taylor, J., (Del. Super. May 17,

1984) ("Where qualifying language is used, the Court should not ignore that language out of

a desire to afford maximum jurisdictional coverage.").

This Court has, of course, followed the Delaware state courts' fidelity to the language

of the statute.  See, e.g., Intel Corp. v. Silicon Storage Technology, Inc., 20 F. Supp.2d at

694 ("the Delaware Supreme Court has not determined that § 3104(c) is coextensive with

federal due process, nor does it substitute federal due process analysis for state long-arm

analysis"); see also American Bio Medica Corp. v. Peninsula Drug Analysis Co., C.A. No.

99-218-SLR, 1999 WL 615175, at *2 n.3 (D. Del. Aug. 3, 1999) ("as noted above, the

Delaware state courts do not collapse the long-arm inquiry into the due process inquiry and

neither shall this court").

### 1.   No Facts Support the Exercise of Specific Jurisdiction over Ravo or Vactor Under 10 Del. C. § 3104(c).

There are no facts that could possibly support personal jurisdiction and service of

process under the specific jurisdiction provisions of § 3104(c).  Neither Ravo nor Vactor has

---

[1]      Unreported cases cited in this brief are appended alphabetically under Exh. E.

9

sold products or services related to the patents-in-suit in Delaware, and neither Ravo nor

Vactor has any operations in Delaware. White Decl. ¶ 5; Schmitt Decl. ¶5. As a result, there

is no conceivable way that specific jurisdiction subsections (1), (2), and (3) of § 3104(c)

would support personal jurisdiction over Ravo or Vactor in this case. Sears, Roebuck & Co.

v. Sears plc, 744 F. Supp. 1289, 1292 (D. Del. 1990) (noting that the specific jurisdiction

portions of § 3104(c) require the cause of action to "arise out of the defendant's alleged

contacts with the forum").

Similarly, no basis for specific jurisdiction exists under subsections (5) or (6) of the

statute, as no allegations in the complaint relate to having an interest in real or personal

property located in Delaware or a surety or insurance contract for persons, property, risks,

contracts, obligations or agreements located, executed, or to be performed within Delaware.

In any event, neither Ravo nor Vactor has an interest in real or personal property located in

Delaware, and neither Ravo nor Vactor is acting as a surety in Delaware or has contracted to

insure persons, property, risks, contracts, obligations or agreements located, executed, or to

be performed within Delaware. White Decl. ¶¶ 12, 13; Schmitt Decl. ¶¶ 9,10.

### 2. Neither Ravo Nor Vactor Regularly Conducts Business, Derives Substantial Revenue from or Engages in a Persistent Course of Conduct in the State of Delaware.

General personal jurisdiction makes a defendant subject to an unlimited number of

suits in the forum. As a result, a court may assume jurisdiction under § 3104(c)(4) – the

statutory authority for general personal jurisdiction under Delaware law – only "when a

defendant has contacts with this state that are so extensive and continuing that it is fair and

consistent with state policy to require that the defendant appear here and defend a claim."

Red Sail Easter, 1991 WL 129174 at *3 (emphasis supplied).

TOCS cannot invoke § 3104(c)(4) because neither Ravo nor Vactor regularly conducts business in Delaware, derives substantial revenue from Delaware, or engages in a persistent course of conduct in Delaware. Ravo has never sold products or services in Delaware or elsewhere in the United States, White Decl. ¶¶ 2, 7;

## REDACTED

Schmitt Decl. ¶ 7.

Neither Ravo nor Vactor has employees in Delaware, and neither Ravo nor Vactor has real or personal property or the like in the State. White Decl. ¶¶ 5, 12; Schmitt Decl. ¶¶ 5, 9. There is no basis to suggest that any part of this statute applies. Compare M&M Techs., Inc. v. Gurtler Chems., Inc., C.A. No. 03-994-GMS, 2005 U.S. Dist. LEXIS 1726, at *14 (D. Del. Feb. 8, 2005) (no general jurisdiction under § 3104(c)(4) because defendant's annual Delaware revenue less than 1% of its total annual revenue); Bell Helicopter Textron, Inc. v. C&C Helicopter Sales, Inc., 295 F. Supp. 2d 400, 405 (D. Del. 2002) ("Delaware revenue, comprising less than 1% of total revenue, is not substantial enough to warrant an exercise of general jurisdiction" under § 3104(c)(4)); Merck & Co., Inc. v. Barr Labs., Inc., 179 F. Supp. 2d 368, 370, 373-74 (D. Del. 2002) (no general jurisdiction under § 3104(c)(4) despite average of $500,000 annual Delaware sales because Delaware sales accounted for only 0.13% of total revenue).

Any attempt to construe § 3104(c)(4) to permit the exercise personal jurisdiction over parties such as Ravo and Vactor would, moreover, expand § 3104(c)(4) far beyond the Due Process Clause as construed by the Supreme Court and the United States Courts of Appeals. See infra text at P.13 et seq. (citing and discussing Gehling v. St. George's School of

11

Medicine. Ltd., 773 F.2d 539, 541 (3d Cir. 1985) (six percent of its students from forum (constituting several hundred thousand dollars in tuition from forum residents) not sufficient); Nichols v. G. D. Searle & Co., 991 F.2d 1195, 1198-200 (4th Cir. 1993) ($ 9-13 million annual sales in forum (2% of total) not sufficient; Shute v. Carnival Cruise Lines, 897 F.2d 377, 381 (9th Cir. 1990) (1.29% and 1.06% of total business drawn from forum in two years prior to suit not sufficient), rev'd on other grounds, 499 U.S. 585 (1991). Delaware law holds that its long-arm statute should be construed liberally to comport with the bounds of Due-Process, but it has never demanded that any Court interpret the law in a manner that violates the Due Process Clause. On this basis as well, the Court should also reject TOCS's assertion of statutory authority over Ravo and Vactor.

**B.    This Court Lacks Constitutional Power to
       Exercise Personal Jurisdiction over Ravo or Vactor.**

The Due Process Clause[2] requires this Court to separately evaluate its constitutional power to require Ravo and Vactor to defend this lawsuit in Delaware, even if the requisite statutory authority exists under Delaware state law. Pennzoil Prods. Co. v. Colelli & Assocs.. Inc., 149 F.3d 197, 202 (3d Cir. 1998) ("We cannot presume that jurisdiction is proper simply because the requirements of a long-arm statute have been met."). Whether the dictates of the Due Process Clause are met is governed by Federal Circuit law. Hildebrand v. Steck Mfg. Co., 279 F.3d 1351, 1355 (Fed Cir. 2002).

---

[2]    Although the Fifth Amendment Due Process Clause applies because this is a patent case, the Federal Circuit interprets the Fifth Amendment Due Process Clause in accord with the Fourteenth Amendment Due Process Clause. Deprenyl Animal Health. Inc. v. University of Toronto Innovations Found., 297 F.3d 1343, 1350 (Fed. Cir. 2002).

064195.1001

1.    **Ravo and Vactor Do Not Have the Continuous and
Systematic Contacts Required to Establish General
Personal Jurisdiction Under the Due Process Clause.**

For an assertion of <u>general</u> personal jurisdiction to satisfy the dictates of due process,

"the plaintiff must show significantly more than mere minimum contacts." <u>Provident Nat'l</u>

<u>Bank v. California Federal Sav. & Loan Ass'n</u>, 819 F.2d 434, 437 (3d Cir. 1987).  Rather,

TOCS must prove that Ravo and Vactor have "continuous and systematic general business

contacts" with Delaware.  <u>Helicopteros Nacionales de Columbia v. Hall</u>, 466 U.S. 408, 416

(1984).  <u>See also</u> <u>Keeton v. Hustler Magazine, Inc.</u>, 465 U.S. 770, 779 (1984) (stating the

issue as whether the defendant's relationship with the forum was "so substantial as to support

jurisdiction over a cause of action unrelated to those activities"); <u>Deprenyl Animal Health,</u>

<u>Inc. v. University of Toronto Innovations Found.</u>, 297 F.3d 1343, 1349 (Fed. Cir. 2002)

(continuous and systematic contacts required); <u>Gehling v. St. George's School of Medicine,</u>

<u>Ltd.</u>, 773 F.2d 539, 541 (3d Cir. 1985) (requiring showing that defendant "carried on a

'continuous and substantial part' of their business in [the forum]").  "The facts required to

assert this 'general' jurisdiction must be 'extensive and persuasive.'" <u>Reliance Steel Prods.</u>

<u>Co. v. Watson, Ess Marshall & Enggass</u>, 675 F.2d 587, 589 (3d Cir. 1982).

Under this weighty standard, the Supreme Court has found the assertion of general

personal jurisdiction to be consistent with the Due Process Clause just once – in <u>Perkins v.</u>

<u>Benguet Consol. Mining Co.</u>, 342 U.S. 437 (1952) – based on the defendant's decision to

locate its principal place of business in the forum state:

> In <u>Perkins</u>, . . . [the corporation's] president, who was also
> general manager and principal stockholder of the company,
> returned to his home in Ohio where he carried on 'a
> continuous and systematic supervision of the necessarily
> limited wartime activities of the company. . . . The company's
> files were kept in Ohio, several directors' meetings were held
> there, substantial accounts were maintained in Ohio banks,

13

> and all key business decisions were made in the State. . . .  In those circumstances, <u>Ohio was the corporation's principal, if temporary, place of business so that Ohio jurisdiction was proper even over a cause of action unrelated to the activities in the State</u>.

<u>Keeton</u>, 465 U.S. at 779 n.11 (emphasis supplied) (citations omitted).

Following <u>Perkins,</u> an entity must be generally present in the forum and make the forum its home in some substantial manner – and not merely affect the forum by activities conducted elsewhere – before a continuous and systematic relationship sufficient to establish general personal jurisdiction will exist.  <u>See, e.g.</u>, <u>Helicopteros</u>, 466 U.S. at 411 (reversing finding of general jurisdiction where defendant purchased substantially all equipment (helicopters) from forum manufacturer for "substantial sums"; spent $50,000 per month in the forum; sent personnel to forum for training; negotiated helicopter purchases and hired pilots; and maintained bank account and employees in forum);[3] <u>Keeton</u>, 465 U.S. at 772, 779 (sales of 15,000 magazines per month in forum state not substantial enough "to support jurisdiction over a cause of action unrelated to those activities") (dicta).

The courts of appeals likewise have refused to exercise general jurisdiction absent a showing of general presence in the forum state.  <u>See, e.g.</u>, <u>LSI Indus. v. Hubbell Lighting, Inc.</u>, 232 F.3d 1369, 1375 (Fed. Cir. 2000) (Fifth Amendment permitted exercise of general jurisdiction because defendant "employs multiple distributors in Ohio and nets several millions of dollars per year from sales"); <u>Nichols v. G. D. Searle & Co.</u>, 991 F.2d 1195, 1198 (4th Cir. 1993) ($ 9-13 million annual sales (2% of total sales) and 21 sales representatives in forum (13 of which were forum residents) insufficient); <u>Shute v. Carnival Cruise Lines</u>, 897 F.2d 377, 381 (9th Cir. 1990) (forum-directed advertising, commission payments, and up to

---

[3]    Some of these facts are drawn from the lower court opinion, <u>Hall v. Helicopteros Nacionales de Columbia, S.A.</u>, 638 S.W.2d 870, 871 (Tex. 1982).

14

1.29% of total cruise business in forum insufficient), rev'd on other grounds, 499 U.S. 585

(1991); Gehling, 773 F.2d at 541 (six percent of students from forum and joint degree

program in forum insufficient); Glater v. Eli Lilly & Co., 744 F.2d 213, 214-15 (1st Cir.

1984) (eight sales representatives and product sales to distributors in forum insufficient); see

generally Hall, 638 S.W.2d at 882 ("the defendant must establish some close substantial

connection with the state approaching the relationship between the state and its own

residents" to establish general jurisdiction) (Pope, J., dissenting); Mary Twitchell, The Myth

of General Jurisdiction, 101 HARV. L. REV. 610, 634 (1988) (physical presence required);

Lea Brilmayer, A General Look at General Jurisdiction, 66 TEX. L. REV. 723, 743-46 (1988)

(activity toward the forum that originates outside the forum does not rise to the level of

"continuous and systematic" forum affiliation).

  Neither Ravo's nor Vactor's contacts with Delaware rise to this level.  Like the

defendants in Helicopteros, Keeton, Gehling, and Shute, neither Ravo nor Vactor maintain

an office, place of business, factory, showroom, mailing address or telephone listing in the

State of Delaware; neither Ravo nor Vactor have officers, employees, agents or other

representatives having an office or workplace in the State of Delaware; neither Ravo nor

Vactor is authorized, registered or qualified to do business in the State of Delaware; and

neither Ravo nor Vactor have an agent for service of process in the State of Delaware.  White

Decl. ¶¶ 3-6; Schmitt Decl. ¶¶ 3-6.  These missing forum affiliations are the only affiliations

the Supreme Court has ever found sufficient to support an assertion of general personal

jurisdiction.

  Second, manufacture of goods in the forum state, not their subsequent sale in the

forum state, is the "type of activity contemplated by the 'central to the conduct of the busi-

ness' language'" of the general jurisdiction analysis. Orange Prods., Inc. v. Winters, C.A. No. 94-CV-6004, 1995 WL 118461 at *4 (E.D. Pa. Mar. 21, 1995). Because Ravo and Vactor have no manufacturing facilities or sales in Delaware, this again indicates that Ravo's and Vactor's relationship with Delaware is not of the continuous and systematic nature required by Perkins and its progeny.

### 2. This Court Cannot Constitutionally Assert Specific Jurisdiction over Ravo or Vactor.

For the Court to constitutionally assert specific jurisdiction over a defendant, there must be evidence that the defendant has "purposefully directed his activities at residents of the forum and the litigation results from alleged injuries that arise out of or relate to those activities." Deprenyl Animal Health, Inc. v. University of Toronto Innovations Found., 297 F.3d at 1350. Neither Ravo nor Vactor has ever directed any activities into the State of Delaware – purposefully or otherwise – having any relation to the allegations of patent infringement made in the complaint. Even if the Delaware long-arm statute could be contorted into supporting specific jurisdiction over Ravo or Vactor, the Due Process Clause does not permit the Court to extend its power over Ravo or Vactor in this case.

### 3. This Court Cannot Exercise Its Authority over Ravo or Vactor Without Offending the Traditional Notions of Fair Play and Substantial Justice Implicit in the Due Process Clause.

Ravo's and Vactor's Delaware contacts also fail to satisfy the due process requirement that "maintenance of the suit . . . not offend 'traditional notions of fair play and substantial justice.'" Helicopteros Nacionales de Columbia, S.A. v. Hall, 466 U.S. 408, 414 (1984) (quoting International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)). In this regard, the 'fairness factors' used to measure traditional notions of fair play and substantial justice counsel against the exercise of jurisdiction over Ravo and Vactor:

16

> the burden on the defendant, the forum State's interest in
> adjudicating the dispute, the plaintiff's interest in obtaining
> convenient and effective relief, the interstate judicial system's
> interest in obtaining the most efficient resolution of
> controversies, and the shared interest of the several States in
> furthering fundamental substantive social policies

Burger King Corp. v. Rudzewicz, 471 U.S. 462, 477 (1985) (citation and internal quotations

omitted).

For example, the burdens on Ravo and Vactor of defending this action in Delaware

go beyond the monetary and temporal costs; defending this action in Delaware will require

Ravo and Vactor to appear and defend in a location where they have no operations what-

soever. Hanson v. Denckla, 357 U.S. 235, 251 (1958) (measuring the burden of defending

an action against the defendant's contacts with the forum). Similarly, Delaware, as the

forum state, has no greater interest in adjudicating this dispute than does any other state, as

the allegedly infringing activities have no connection with the State of Delaware whatsoever.

The most efficient resolution of the parties' dispute, moreover, lies in a state that clearly has

personal jurisdiction over at least Vactor to ensure a binding resolution of TOCS' claims.

## II.    SERVICE OF PROCESS OVER RAVO APPEARS TO BE IMPROPER.

At present, it appears that TOCS has only served the Delaware Secretary of State

with a summons directed to Ravo. D.I. 4. On this record, TOCS has not even complied with

the requirements of the Delaware long-arm statute, 10 Del. C. § 3104, let alone the

Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or

Commercial Matters. Indeed, even if TOCS is attempting to follow the procedures to effect

service of process under the Delaware long-arm statute, such service is improper for non-

U.S. defendants like Ravo. See Eggear v. Shibusawa Warehouse Co., 2001 WL 267881, at 6

(E.D. Pa. 2001) ("service of process . . . by mail is invalid under Article 10(a) of the Hague Convention").

## III.     VENUE IS IMPROPER IN DELAWARE FOR VACTOR.

Venue in a patent infringement suit is governed by the specific patent venue statute, 28 U.S.C. § 1400(b), which provides:

> Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business.

Under 28 U.S.C. § 1391(c), a corporation is deemed to reside only in judicial districts "where there would be personal jurisdiction over the corporate defendant at the time the action is commenced."   See VE Holding Corp. v. Johnson Gas Appliance Co., 917 F.2d 1574, 1583 (Fed. Cir. 1990) ("under amended § 1391(c) . . . venue in a patent infringement case includes any district where there would be personal jurisdiction over the corporate defendant at the time the action is commenced").

Under the standards of §1400(b), venue is improper in Delaware.  Vactor has no established place of business in Delaware, and it has not committed any act of infringement in Delaware.  Schmitt Decl. ¶ 5.  Vactor, moreover, does not "reside" in Delaware because it is not subject to personal jurisdiction in Delaware as set forth above.  As a result, venue is improper over Vactor in Delaware.

## IV.     THE COURT SHOULD SEVER RAVO AND TRANSFER THE REMAINING ACTION TO THE NORTHERN DISTRICT OF ILLINOIS.

Ravo, as set forth above, is not subject to suit in Delaware or anywhere else in the United States, and Ravo should be dismissed outright.

18

064195.1001

As to the remaining defendants, the Court may avoid dismissal for improper venue by transferring Vactor, Federal Signal, and Elgin[4] to the Northern District of Illinois pursuant to 28 U.S.C. § 1406(a).  See, e.g., Cottman Transmission Sys. v. Martino, 36 F.3d 291, 296 (3d Cir. 1994) ("where venue is proper for one defendant but not for another and dismissal is inappropriate," the court should transfer the entire action pursuant to § 1406(a) if "partial transfer would require the same issues to be litigated in two places").

Section 1406(a) provides for transfer "in the interest of justice" in cases where venue is wrong at the time the case is filed:

> The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

See generally Stein v. Chemtex Int'l. Inc., C.A. No. 04-001-SLR, 2004 WL 722252, at *3 (D. Del. Mar. 31, 2004) ("Where venue has been incorrectly chosen, a district court may either dismiss the case or transfer it to the appropriate district 'in the interests of justice.'"). Federal Signal, Vactor, and Elgin seek transfer of the case to the Northern District of Illinois because each of these defendants is subject to personal jurisdiction in that district.[5]

Section 1406(a) only requires the court to determine if transfer is in the interest of justice; it does not require the more rigorous analysis of 28 U.S.C. § 1404(a).  Walters v. Beavers, C.A. No. 89-696-JJF, 1991 U.S. Dist. LEXIS 1432, at *10 (D. Del. Feb. 6, 1991).

---

[4]    Because Ravo is not subject to suit in any judicial district, the Court may sever Ravo and exclude it from the transfer analysis. See Virgin Wireless. Inc. v. Virgin Enters., Ltd., 201 F. Supp 2d 294, 301 (D. Del. 2002) (dismissing one defendant and transferring the remaining action).

[5]    The principal places of business of Federal Signal and Elgin are located in the Northern District of Illinois and are therefore subject to personal jurisdiction in that district.  Vactor is an Illinois corporation and transacts substantial business in the Northern District of Illinois. Schmitt Decl. ¶ 2,13.

064195.1001

REDACTED -- Public Version filed June 1, 2005

In this case, the interests of justice are best served by a transfer of the entire action to the Northern District of Illinois and not simply by transfer of Vactor to that district. There are six independent reasons why the interests of justice support a transfer in this case.

First, transferring Vactor while retaining the balance of the action in Delaware would result in two United States District Judges conducting Markman hearings on the same patent claims, two United States District Judges adjudicating similar discovery issues relating to the patents, and two United States District Judges presiding over the similar infringement, invalidity, and unenforceability trials. True efficiencies to the parties and the courts come from having a single judicial officer learn complex technology and prior art one time and then apply that learning to all similar disputes. Brunswick Corp. v. Precor Inc., C.A. No. 00-691-GMS, 2000 WL 1876477, at *3 (D. Del. Dec. 12, 2000) ("Where related lawsuits exist, 'it is in the interests of justice to permit such suits involving the same parties and issues to proceed before one court.' . . . Thus, the court finds that transferring this case would promote the interests of justice") (transferring action notwithstanding fact that both parties were Delaware corporations).

Second, transferring Vactor while retaining the balance of the action creates the potential for different rulings and approaches on identical issues. It is well accepted that "the need for judicial consistency outweighs the Plaintiffs' choice of forum." Bayer AG v. Biovail Corp., C.A. No. 00-466-JJF, Mem. Order at 2 (D. Del. July 17, 2000) (granting motion to transfer). By assigning cases involving the same patents to the same judge, the court ensures identical treatment of many important issues about which judges may have differing views or approaches, including the scope of the waiver of attorney-client privilege in connection with defending charges of willful infringement, claim construction procedures,

20

discovery of licensing negotiations, and separation of issues for trial, to name just a few. Indeed, this Court's Local Rule 3.1(b) evidences the Court's practice of – and preference for – assigning related cases to the same judicial officer, in whatever district that officer sits.[6]

Third, Illinois has a great interest in deciding this controversy. Federal Signal, Vactor, and Elgin are physically located in Illinois, have their principal places of business located in Illinois, and have histories in Illinois dating back to the early 1900s. Schmitt Decl. ¶¶ 2, 13. Because Vactor is an Illinois corporation, and each of Federal Signal, Vactor and Elgin are "conducting business therein, that forum has a more particular interest in the litigation than Delaware." Original Creatine Patent Co., Ltd. v. Kaizen, Inc., C.A. No. 02-471-SLR, 2003 WL 179996, at *4 (D. Del. Jan. 22, 2003).

Fourth, Delaware has almost no interest in adjudicating this dispute. The only connection that Delaware has to this action is that two of the five parties are Delaware corporations. The fact that a party is incorporated in plaintiff's forum choice however "is not mentioned in § 1404, nor is it among the eleven factors identified by the Third Circuit Court of Appeals . . ." Mentor Graphics Corp. v. Quickturn Design Sys., 77 F. Supp. 2d 505, 509 (D. Del. 1999); see also Nilssen v. OSRAM Sylvania, Inc., C. A. No. 00-695-JJF, 2001 WL 34368395, at *2 (D. Del. May 1, 2001) (granting motion to transfer).

---

[6]    The rule states:

> Counsel for a plaintiff in a civil action shall indicate on the civil cover sheet if such action and one or more civil actions or proceedings previously decided or currently filed in this District **or in any other court**:  . . . (3) involve the same patent or the same trademark; or (4) for other reasons would entail substantial duplication of labor if heard by different judges.

(emphasis added).

21

Indeed, this Court has transferred cases even when defendants were incorporated in Delaware, had salespeople in Delaware, and sold products in Delaware but had principal paces of business and manufactured products either in or near the proposed transferee forum. See, e.g., Nilssen 2001 WL 34368395, at *2 (granting motion to transfer); see also 3Com Corp. v. D-Link Sys., C.A. No. 03-014 GMS, 2003 WL 1966438, at *2 (D. Del. Apr. 25, 2003) (granting motion to transfer even though the sole defendant had ongoing sales in Delaware and stating "[a]lthough some of [defendant's] products . . . are sold in Delaware, the connection to this forum ends there").

Fifth, the computer software that is accused of infringement is not and has never been made, used, sold, or offered for sale in Delaware, and TOCS has not alleged that a single operative fact in this case occurred in Delaware. Compare Ricoh Co., Ltd. v. Aeroflex Inc., 279 F. Supp. 2d 554, 557 (D. Del. 2003). Thus, "the center of operative facts in the action favors transfer." Virgin Wireless, Inc. v. Virgin Enters., Ltd., 201 F. Supp. 2d 294, 300 (D. Del. 2002).

Finally, even the convenience factors identified in § 1404(a), but excluded from §1406(a), counsel in favor of transfer. Federal Signal, Vactor, and Elgin are all located in Illinois. The alleged acts of infringement, if any, for these parties took place in Illinois. The employees and documents of Federal Signal, Vactor, and Elgin are located in Illinois. Granted, litigation in Illinois will be less convenient to TOCS, but this loss of convenience should be measured against the fact that TOCS chose a forum where venue was wrong for at least Vactor. After making the calculated, but wrong decision to file suit in Delaware, TOCS should not complain about transferring the case to a forum that has personal jurisdiction and venue over the parties that can be sued in the United States.

## CONCLUSION

For the reasons set forth above, defendant Ravo BV respectfully requests the Court to dismiss it from this action for lack of personal jurisdiction. Defendant Vactor Manufacturing, Inc. respectfully requests the Court to find that it is not subject to personal jurisdiction in Delaware and that venue in the District of Delaware is improper. Finally, Defendants Federal Signal Corporation, Vactor Manufacturing, Inc., and Elgin Sweeper Company respectfully request the Court to cure the venue and personal jurisdiction problems by transferring this action to the Northern District of Illinois.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Josy W. Ingersoll (No. 1088)
jingersoll@ycst.com
John W. Shaw (No. 3362)
jshaw@ycst.com
Glenn C. Mandalas (No. 4432)
gmandalas@ycst.com
The Brandywine Building, 17th Floor
1000 West Street
Wilmington, Delaware 19899-0391
(302) 571-6600
Attorneys for Defendants Federal Signal
    Corporation, Elgin Sweeper Company,
    Vactor Manufacturing, Inc., and Ravo BV

Dated: May 23, 2005

WP3:1113925.3                                                            064195.1001