IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TURN OF THE CENTURY SOLUTION, L.P. ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> FEDERAL SIGNAL CORPORATION and ) <br> ELGIN SWEEPER COMPANY, ) <br> ) <br> Defendants. ) | C.A. No. 05-158-SLR <br><br> **JURY TRIAL DEMANDED** |

## AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff, by and through its counsel, files this Amended Complaint for patent infringement, and in support thereof avers the following:

1. Plaintiff Turn of the Century Solution, L.P. ("TOCS") is a limited partnership organized and existing under the laws of the Commonwealth of Pennsylvania and having a principal place of business at 1409 Patrick Court, Ambler, Pennsylvania.

2. Defendant Elgin Sweeper Company ("Elgin") is a corporation organized and existing under the laws of the State of Delaware and having a principal place of business at 1300 West Bartlett Road, Elgin, Illinois.

3. Defendant Federal Signal Corporation is a corporation organized and existing under the laws of the State of Delaware and having its principal executive offices at 1415 West 22nd Street, Oak Brook, Illinois. Elgin is a wholly owned subsidiary of Federal Signal Corporation (Federal Signal Corporation and Elgin are collectively referred to hereinafter as the "Federal Signal Companies").

4. This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1338, as it arises under the Patent Act, 35 U.S.C. § 1 et seq., as amended, as is hereinafter more fully described. Venue is proper in this judicial district under 28 U.S.C. § 1391 and 1400(b).

5. On February 4, 1997, United States Letters Patent No. 5,600,836, entitled "System and Method for Processing Date-Dependent Information Which Spans One or Two Centuries" (the "'836 Patent"), was duly and legally issued to TOCS, as assignee from the inventor of the entire right, title and interest in and to the '836 Patent, and which since that date, has been and still is the owner of the '836 Patent. A true and correct copy of the '836 Patent is attached hereto as Exhibit A.

6. On November 10, 1998, United States Letters Patent No. 5,835,909, entitled "System and Method for Processing Date-Dependent Information Which Spans One or Two Centuries" (the "'909 Patent"), was duly and legally issued to TOCS, as assignee from the inventor of the entire right, title and interest in and to the '909 Patent, and which since that date, has been and still is the owner of the '909 Patent. A true and correct copy of the '909 Patent is attached hereto as Exhibit B.

7. In violation of 35 U.S.C. §271, the Federal Signal Companies have each infringed claims of the '836 Patent and the '909 Patent by using, offering to sell and/or selling, or causing others to use, offer to sell or sell systems and methods that are covered by claims of the '836 Patent and the '909 Patent, without the authority or license of TOCS.

8. TOCS has been damaged by the Federal Signal Companies' infringement of the '836 Patent and the '909 Patent, and will continue to be damaged unless such infringement is enjoined by this Court.

9.      The Federal Signal Companies' infringement has been willful, warranting the assessment of increased damages pursuant to 35 U.S.C. § 285.

**WHEREFORE**, Plaintiff respectfully demands judgment that:

A.      Pursuant to 35 U.S.C. § 283, the Federal Signal Companies, their agents, servants, employees and attorneys, and those persons in active concert or participation with them, be preliminarily and permanently enjoined from infringing, inducing infringement of, or contributing to the infringement of, the '836 Patent and the '909 Patent;

B.      Pursuant to 35 U.S.C. § 284, the Federal Signal Companies pay to Plaintiff such damages as Plaintiff has sustained in consequence of the Federal Signal Companies' patent infringement, and to account for and pay to Plaintiff all damages due to the infringement, including without limitation Plaintiff's lost profits;

C.      Pursuant to 35 U.S.C. § 284, this Court enter judgment for Plaintiff for three times such damages, together with pre-judgment interest, as a result of the Federal Signal Companies' willful infringement;

D.      Pursuant to 35 U.S.C. § 285, the Federal Signal Companies pay to Plaintiff its reasonable attorneys' fees, as well as the full costs of this action; and

E.      Plaintiff have such other and further relief as the Court may deem just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial of all issues so triable.

                         MORRIS, NICHOLS, ARSHT & TUNNELL

                         */s/ Jack B. Blumenfeld*
                         Jack B. Blumenfeld (#1014)
                         1201 N. Market Street
                         P.O. Box 1347
                         Wilmington, DE  19899
                         (302) 658-9200
                          Attorneys for Plaintiff

OF COUNSEL:

LAW OFFICES OF GARY A. ROSEN, P.C.
Gary A. Rosen
Patrick Madamba, Jr.
1831 Chestnut Street
Suite 802
Philadelphia, PA  19103
(215) 972-0600

June 21, 2005
470760

CERTIFICATE OF SERVICE

I, Jack B. Blumenfeld, hereby certify that on June 21, 2005 I electronically filed Amended Complaint for Patent Infringement with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

>Josy W. Ingersoll
>Young, Conaway , Stargatt & Taylor

I also certify that copies were caused to be served on June 21, 2005 upon the following in the manner indicated:

>BY HAND
>
>Josy W. Ingersoll
>Young, Conaway, Stargatt & Taylor, LLP
>The Brandywine Building
>1000 West Street, 17th Floor
>P.O. Box 391
>Wilmington, DE  19899

>/s/    Jack B. Blumenfeld (#1014)
>Morris, Nichols, Arsht & Tunnell
>1201 N. Market Street
>P.O. Box 1347
>Wilmington, DE  19899
>(302) 658-9200
>jblumenfeld@mnat.com