IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TURN OF THE CENTURY SOLUTION, L.P. ) | |
| ) | |
| Plaintiff, ) | |
| ) | C.A. No. 05-158 (SLR) |
| v. ) | |
| ) | |
| FEDERAL SIGNAL CORPORATION and ) | |
| ELGIN SWEEPER COMPANY ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF TURN OF THE CENTURY SOLUTION, L.P.'S
OPPOSITION TO VACTOR MANUFACTURING, INC.'S AND
RAVO BV'S MOTION TO DISMISS AND FEDERAL SIGNAL
CORPORATION'S, ELGIN SWEEPER COMPANY'S, AND
VACTOR MANUFACTURING, INC.'S MOTION TO TRANSFER**

A.   **PROCEDURAL HISTORY AND RELEVANT FACTS**

On March 15, 2005, Plaintiff Turn of the Century Solution, L.P. ("TOCS") filed a Complaint in this Court alleging infringement of United States Letters Patent Nos. 5,600,836 and 5,835,909 (D.I. 1).  TOCS named as defendants in the action Federal Signal Corporation ("Federal Signal"), Elgin Sweeper Company ("Elgin"), Vactor Manufacturing, Inc. ("Vactor") and Ravo BV ("Ravo") (Federal Signal, Elgin, Vactor and Ravo are collectively referred to hereinafter as the "Federal Signal Companies").

On May 23, 2005, Vactor and Ravo filed a motion to dismiss TOCS' Complaint against them for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2), and Vactor also moved to dismiss for improper venue under Fed. R. Civ. P. 12(b)(3).  Ravo also moved to dismiss for insufficiency of process and insufficiency of service of process under Fed. R. Civ. P. 12(b)(4)

and (5). Alternatively, rather than seek dismissal due to improper venue, Vactor, joined by Federal Signal and Elgin, moved pursuant to 28 U.S.C. § 1406(a) to transfer the balance of the action to the United States District Court for the Northern District of Illinois. (D.I. 14).

TOCS has today filed an Amended Complaint naming only Federal Signal and Elgin as defendants. Vactor and Ravo are no longer defendants in this action. Prior to the filing of TOCS' Amended Complaint, Federal Signal and Elgin had not filed an answer to TOCS' original complaint (notwithstanding the fact their answer was long overdue).

B.  **SUMMARY OF ARGUMENT**

This Court must deny all of the Federal Signal Companies' pending motions as moot in view of the fact that TOCS has today filed an Amended Complaint naming only Federal Signal and Elgin as defendants in this action. Vactor and Ravo are no longer defendants. Consequently, all of the relief requested in Federal Signal Companies' various motions is moot.

C.  **ARGUMENT**

   I.  **RAVO'S AND VACTOR'S MOTIONS TO DISMISS ARE MOOT**

Ravo and Vactor each moved to dismiss TOCS' Complaint against them for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2), and Vactor also moved to dismiss for improper venue under Fed. R. Civ. P. 12(b)(3). Ravo also moved to dismiss for insufficiency of process and insufficiency of service of process under Fed. R. Civ. P. 12(b)(4) and (5). Given that Ravo and Vactor are no longer defendants by virtue of the filing of TOCS' Amended Complaint, all of Ravo's and Vactor's arguments for dismissal are moot. See, e.g., Capp, Inc. v.

Dickson/Unigage, Inc., 2004 WL 339672 (E.D. Pa. Feb. 2004).[2]  Simply put, there is no further requested relief by the motion to dismiss that can be granted to them since they are no longer defendants.

## II. VACTOR'S MOTION, IN THE ALTERNATIVE, TO TRANSFER PURSUANT TO 28 U.S.C. § 1406(a) IS MOOT

Vactor's motion, in the alternative, to transfer pursuant to 28 U.S.C. § 1406(a) is also moot, inasmuch as Vactor is no longer a defendant.  All of Vactor's arguments for transfer, which were joined in by Federal Signal and Elgin, are predicated on the premise that venue is improper in this Court because Vactor is a defendant, and Vactor is allegedly not subject to suit in Delaware.  The arguments are moot in view of the fact that Vactor is no longer a defendant.  Standing alone without Vactor as a defendant, there is no basis for Federal Signal and Elgin to continue to seek to transfer of this action to the Northern District of Illinois under 28 U.S.C. § 1406(a).  Federal Signal and Elgin are both subject to suit in Delaware — because, among other reasons, they are both Delaware corporations.  Delaware is also TOCS' "home turf," i.e., the forum closest to TOCS' home where personal service over defendants Federal Signal and Elgin could be effectuated.  See, e.g., Kollmorgen Corp. v. Gettys Corp., 760 F.Supp. 65, 67 (D. Del. 1991).

Accordingly, Vactor's motion, joined in by Federal Signal and Elgin, should also be denied as moot.[3]

---

[2]  "Plaintiff originally instituted this action against Dickson as well as against Michael Unger, defendant's president and CEO.  Defendant then filed a motion to dismiss for lack of personal jurisdiction and improper venue, or, in the alternative, to transfer.  Because plaintiff's amended complaint no longer names Unger, defendant's jurisdictional arguments are now moot." Id.

[3]  Neither Federal Signal nor Elgin have moved for transfer under 28 U.S.C. § 1404(a).  In fact, they acknowledge in their brief that the standards for transfer under § 1404(a)
(cont'd)

3

**D.    CONCLUSION**

For the foregoing reasons and arguments, Federal Signal Companies' pending motions should be denied in their entirety as moot.

MORRIS, NICHOLS, ARSHT & TUNNELL

 /s/  Jack B. Blumenfeld
Jack B. Blumenfeld (#1014)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
 Attorneys for Plaintiff

OF COUNSEL:

LAW OFFICES OF GARY A. ROSEN, P.C.
Gary A. Rosen
Patrick Madamba, Jr.
1831 Chestnut Street
Suite 802
Philadelphia, PA  19103
(215) 972-0600

June 21, 2005
470777

---

(cont'd)
    require a "more rigorous analysis" than under § 1406(a).  (See D.I. 14 at 19)  To the extent that Federal Signal and Elgin move for transfer under § 1404(a), TOCS requests an opportunity to fully brief the issue.

4

CERTIFICATE OF SERVICE

I, Jack B. Blumenfeld, hereby certify that on June 21, 2005 I electronically filed Plaintiff Turn of the Century Solution, L.P.'s Opposition to Vactor Manufacturing, Inc.'s and Ravo BV's Motion to Dismiss and Federal Signal Corporation's, Elgin Sweeper Company's, and Vactor Manufacturing, Inc.'s Motion to Transfer with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

> Josy W. Ingersoll
> Young, Conaway , Stargatt & Taylor

I also certify that copies were caused to be served on June 21, 2005 upon the following in the manner indicated:

> BY HAND
>
> Josy W. Ingersoll
> Young, Conaway, Stargatt & Taylor, LLP
> The Brandywine Building
> 1000 West Street, 17th Floor
> P.O. Box 391
> Wilmington, DE  19899

>                     /s/     Jack B. Blumenfeld (#1014)
>                     Morris, Nichols, Arsht & Tunnell
>                     1201 N. Market Street
>                     P.O. Box 1347
>                     Wilmington, DE  19899
>                     (302) 658-9200
>                     jblumenfeld@mnat.com