IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TURN OF THE CENTURY SOLUTION, L.P. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 05-158-SLR |
| ) | |
| FEDERAL SIGNAL CORPORATION and ) | |
| ELGIN SWEEPER COMPANY ) | |
| ) | |
| Defendants. ) | |

ORDER

At Wilmington this ____ day of August, 2005, the parties having satisfied their obligations under Fed. R. Civ. P. 26(f), and the court having conducted a pretrial conference pursuant to Fed. R. Civ. P. 16 and D. Del. LR 16.2(a) and (b).

IT IS ORDERED that:

1. **Pre-Discovery Disclosures**. The parties will exchange by September 13, 2005 the information required by Fed. R. Civ. P. 26(a)(1) and D. Del. LR 16.2.

2. **Discovery**.

(a) Discovery will be needed on the following subjects:

   (1) Infringement of the '836 and '909 patents-in-suit.

   (2) Willful infringement.

   (3) Damages.

   (4) Validity of the patents-in-suit.

   (5) Enforceability of the patents-in-suit.

(b) All fact discovery shall be commenced in time to be completed by March 31, 2006.

(1) Document production shall be completed on or before December 30, 2005.

(2) Maximum of 25 interrogatories by each party to any other party.

(3) In the absence of agreement among the parties, contention interrogatories, if filed, shall first be addressed by the party with the burden of proof no later than the date established for the completion of document production, with the responsive answers due within thirty (30) days thereof. The adequacy of all such interrogatory answers shall be judged by the level of detail each party provides; i.e., the more detail a party provides, the more detail a party shall receive.

(4) Maximum of 50 requests for admission by each party to any other party.

(5) In the absence of agreement among the parties or by order of the court, no deposition (other than those noticed under Fed. R. Civ. P. 30(b)(6)) shall be scheduled prior to the completion of document production.

(6) Maximum of 10 fact depositions by plaintiff and 10 by defendants. Each fact deposition limited to a maximum of 7 hours unless extended by agreement of parties.

(c) Expert discovery shall be commenced in time to be completed by June 16, 2006.

(1) Expert reports on issues for which the parties have the burden of proof due April 14, 2006. Rebuttal expert reports due May 12, 2006.

   (2) Expert depositions to be limited to a maximum of 14 hours unless extended by agreement of the parties.

   (3) All <u>Daubert</u> motions shall be filed on or before July 20, 2006.

 (d) If willfulness has been asserted and absent agreement among the parties, the defendants must inform plaintiff as to whether defendants intend to rely on advice of counsel by January 20, 2006. If the decision is to rely on such advice, the scope of discovery shall include the materials provided by defendants to its counsel and whatever other materials related to the issues in the dispute that defendants had in its possession at the time the advice was sought.

 (e) Supplementations under Rule 26(e) due as required by that rule.

 (f) **Discovery Disputes**.

   (1) The court shall conduct an in-person discovery status conference on December 13, 2005 at 4:30 p.m., and on February 15, 2006 at 4:30 p.m., the time to be allocated equally among the parties.

   (2) The court shall remain available to resolve by telephone conference disputes that arise during the course of a deposition and disputes over the terms of a protective order.

   (3) Absent express approval of the court following a discovery conference, no motions pursuant to Fed. R. Civ. P. 37 shall be filed.

 (g) **Fact Witnesses to be Called at Trial**. Within one (1) month following the close of expert discovery, each party shall serve on the other parties a list of each fact witness (including any expert witness who is also expected to give fact testimony), who has previously been disclosed during discovery and that it intends to call at trial. Within one (1)

month of receipt of such fact witness list, each party shall serve a list of each rebuttal fact witness that it intends to call at trial. The parties shall have the right to depose any such fact witnesses who have not previously been deposed in this case. Such deposition shall be held within one (1) month after service of the list of rebuttal fact witnesses and shall be limited to twenty (20) hours per side in the aggregate unless extended by agreement of the parties or upon order of the court upon good cause shown.

3. **Joinder of other Parties and Amendment of Pleadings**. All motions to join other parties and amend the pleadings shall be filed on or before February 3, 2006.

4. **Settlement Conference**. Pursuant to 28 U.S.C. § 636, this matter is referred to Magistrate Judge Thynge for the purposes of exploring the possibility of ADR.

5. **Claim Construction Issue Identification**. If the court does not find that a limited earlier claim construction would be helpful in resolving the case, on May 19, 2006, the parties shall exchange lists of those claim terms that they believe need construction and their proposed claim construction of those terms. This document will not be filed with the court. Subsequent to exchanging such lists, the parties will meet and confer to prepare a Joint Claim Construction Statement to be submitted pursuant to paragraph 7 below.

6. **Summary Judgment Motions**. All summary judgment motions shall be served and filed with an opening brief on or before July 20, 2006. Briefing shall be pursuant to D. Del. LR 7.1.2, except that answering briefs and supporting materials shall be filed four weeks after opening briefs are filed (August 17, 2006) and reply briefs and supporting materials shall be filed two weeks after answering briefs are filed (August 31, 2006). No summary judgment motion may be filed more than **ten (10)** days from the above date without leave of the court.

7.     **Claim Construction**.  The parties shall agree upon and file the Joint Claim Construction Statement on June 20, 2006, with the claim chart separately docketed.  The parties will file simultaneous opening claim construction briefs on July 20, 2006.  Simultaneous response briefs should be filed by August 17, 2006.  Issues of claim construction shall be considered by the court in conjunction with the summary judgment motion(s).  The hearing on claim construction and motion(s) for summary judgment will be heard on October 6, 2006 at 9:30 a.m..

8.     **Applications by Motion**.  Any application to the court shall be by written motion filed with the clerk.  **The court will not consider applications and requests submitted by letter or in a form other than a motion,** absent express approval by the court.

(a)     **Any non-dispositive motion should contain the statement required by D. Del. LR 7.1.1.**

(b)     No telephone calls shall be made to chambers.

(c)     Any party with an **emergency** matter requiring the assistance of the court shall e-mail chambers at:  slr_civil@ded.uscourts.gov.  The e-mail shall provide a short statement describing the emergency.  NO ATTACHMENTS shall be submitted in connection with said e-mails.

9.     **Motion in Limine**.  No motions in limine shall be filed; instead the parties shall be prepared to address their evidentiary issues at the pretrial conference and during trial (before and after the trial day).

10.     **Pretrial Conference**.  A pretrial conference will be held on January 9, 2007, at 4:30 p.m. in courtroom 6B, sixth floor Federal Building, 844 King Street, Wilmington, Delaware.  The Federal Rules of Civil Procedure and D. Del. LR 16.4 shall govern the pretrial conference.

11. **Trial**. This matter is scheduled for a 10 day jury trial commencing on January 22, 2007, in courtroom 6B, sixth floor Federal Building, 844 King Street, Wilmington, Delaware. For purposes of completing pretrial preparations, the parties should plan on being allocated a total number of hours in which to present their respective cases.

_____
United States District Judge